CAVANAUGH, Judge.,
This is a damage suit for personal injuries growing out of the collision of two automobiles at the intersection of the old Jefferson Highway and the new Airline Highway in the Parish of East Baton Rouge. The plaintiff was riding as a passenger in a 1947 Oldsmobile sedan owned by his brother, Arthur Simmons, and being driven at the time of the accident by another brother, Warren Simmons. The defendant was operating a 1937 Dodge automobile which he had borrowed and on the day of the accident which he had driven to New Orleans and it was on his return to Baton Rouge when the accident occurred.
The plaintiff claims that the cause of the accident was the negligence of the defendant in driving his automobile at-an excessive rate of speed and in failing to keep his car under proper control.
Plaintiff alleges that the driver of the car in which he was a passenger was under ■control up to the moment of the impact and that its driver had exercised all due care in approaching and entering the old Jefferson Highway. He alleges that the driver of the car in which he was riding as it approached the old Jefferson Highway came to a complete stop and that after observing that the traffic was clear for entry into the old Jefferson Highway, the driver of the. car in which he was a passenger entered the old Jefferson Highway headed in the direction of New Orleans when suddenly and without warning an automobile driven by the defendant at a rapid rate of speed and traveling in the opposite direction struck the left rear fender of the car in which'the plaintiff was a passenger and that immediately following the impact the car was knocked off the asphalt slab.of. the old Jefferson Highway onto the shoulder and into a telephone pole, killing one of the passengers in the car .and causing plaintiff to suffer a fractured hip and lacerations of the left arm. The total amount sued for by the plaintiff is the sum $15,057, which includes damages for personal injuries, loss of wages, hospital, medical expenses and other items of damages.
The defendant categorically denied any negligence on his part arid the other allegations .of plaintiff’s petition and affirmatively alleged, that the driver of the car in which the plaintiff was: a .passenger did not stop, his car, at the stop sign at the entrance of the old Jefferson Highway but disregarded said stop sign completely and ran upon said highway without regard for others using said highway. Defendant further pled that the driver of the automobile in which plaintiff was riding did not keep a proper lookout, did not stop and look before entering the intersection as required by law and that his failure to stop his car at the intersection and comply with the stop sign warning was the proximate cause of the accident. The defendant further alleged that he was driving his car. at a lawful rate of speed, exercising due care and had his car under proper control and did all in his power to prevent the accident.
In the alternative the defendant pled the contributory negligence of the driver of the car in which plaintiff was riding and alleged that its driver’s negligence should be imputed to him.
By supplemental petition the plaintiff coupled his suit for damages for personal injuries with a demand to set aside a conveyance of real property as fraudulent made by defendant on the ground that the conveyance was made to prevent the plaintiff from executing his judgment in the event he recovered damages for his personal injuries.
The trial judge in his written reasons for judgment decided the case against plaintiff and. found under the evidence that the proximate cause of the accident was the failure of plaintiff’s brother, the driver of *877 the Oldsmobile in which the plaintiff was riding, in driving at too rapid rate of speed at the time he entered the intersection a.nd not stopping at the intersection and rejected the plaintiff’s demand and dismissed his suit at his cost.
The plaintiff has appealed from the judgment. ' 1
We find the facts in this case to be as follows: the plaintiff,- his two brothers, Warren and Arthur Simmons, in company with Irvin Pierre, together with two women, drove from' New Orleans to Baton Rouge in the afternoon previous to the happening of the accident, that night t to bring one of the women to Baton Rouge. Prior to leaving New Orleans in the afternoon the plaintiff and his two brothers, in company with -Pierre, had several bottles of beer. After they had reached Baton Rouge and discharged one of'their'women passengers, Warren Simmons and-Pierre remained together arid the other two brothers, Arthur and the plaintiff, -stayed together and did not meet up again until they started to go.back to New Orleans. They traveled the by-pass to reach the old Jefferson Highway where it intersects with the new Airline Highway to New Orleans. It was at this intersection where the collision occurred. There is a caution sign several hundred feet back from the intersection on the by-pass road the plaintiff and his brothers were traveling and about fifteen feet from the intersection is a stop sign. The ■driver,'Warren Simmons, who was operating the Oldsmobile automobile in which the plaintiff was riding, testified that he did not see the caution sign but that he brought the Oldsmobile to a complete stop before going out into the intersection. The other wit-mess, Pierre, testified that he was asleep and did not know whether he stopped or not. The plaintiff testified that his brother stopped the car at the stop sign before going out into the intersection.
Herbert Price and Peter Greco, two highway patrolmen who reached the scene of the accident about ten or fifteen minutes after it happened and who were at. the traffic circle about three-quarters of a mile north , of the intersection when they were notified by radio to go to the scene of the accident, ’testified that Warren Simmons, the driver of the car, told them that he did not stop at the stop sign and that he- ran into the intersection at a rate of speed of fifty miles per'hour. That his reason for not stopping at the stop sign was that he did not see it. These officers examined the course traveled by the.Oldsmobile in which the plaintiff was riding and found skid marks from a point at the stop sign clear across the intersection to where the car left the black top surface. Both of these officers were convinced that the driver of the Oldsmobile, plaintiff’s brother, did not stop before entering the intersection.
The defendant, Mose Groze, testified that the driver, of the car in which plaintiff was riding did not stop but drove right out on the highway in front of him and then tried to turn, striking the left rear front of his car with the left, rear fender and bumper, of the car iri which the plaintiff was riding and then careened off on the side of the road against a telephone post.
The Oldsmobile in which the plaintiff was riding and which was being operated by his brother had a hydromatic drive. The driver, Warren Simmons, testified that he was going 30 or 35 miles per. hour when the impact occurred and the trial judge reasoned that he could not have accelerated his car to have attained that speed if he had stopped at the stop sign before entering the intersection. The report of the officers covering the accident and their drawing showing the intersection of the highways, the position of the cars when the impact took place and where they came to r.est, shows that defendant’s car did not skid but remained practically in the same place where the impact occurred. If defendant had been going at an excessive rate of speed when the collision occurred, his car would not have remained at the position where the officers found it. The contention of the plaintiff driver, Warren Simmons, that he had turned south on the highway after traversing the intersection is not supported by the evidence.
*878 We have carefully examined this record and on the conflicting evidence and physical facts testified by the two officers the judgment of the trial court is eminently correct.
The judgment is affirmed without cost.